UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS R. MEDINA, | No. 2:16-cv-01910-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| SELECT PORTFOLIO SERVICING, INC., et al., | |
| Defendants. | |

Plaintiff filed this action for wrongful foreclosure and quiet title over a year ago and has not meaningfully advanced either claim. Three motions are now before the court: (1) Defendants' motion for judgment on the pleadings or, alternatively, for dismissal for failure to prosecute; (2) plaintiff's motion for voluntary dismissal without prejudice; and (3) plaintiff's *ex parte* motion to consolidate. As explained below, the court GRANTS (2) and DENIES (1) and (3).

I.  BACKGROUND

Plaintiff filed his complaint in June 2016, seeking to quiet title to a property in Solano County, California, and claiming defendants wrongfully foreclosed on it. Removal Notice, Ex. A, ECF No. 1. Other than one unsuccessful mediation session in May 2017, ECF

No. 25, the case has not advanced beyond the pleadings. Defendants now move for judgment on the pleadings or, alternatively, to dismiss with prejudice for failure to prosecute. ECF No. 26. Rather than opposing defendants' motion, plaintiff has moved to voluntarily dismiss his complaint without prejudice. ECF No. 27. Two weeks later, plaintiff filed an *ex parte* application seeking to treat his dismissal motion as an opposition to judgment on the pleadings and requesting more time to file a separate opposition. ECF No. 31. The court addresses each request below.

II.     VOLUNTARY DISMISSAL

Plaintiff moves to voluntarily dismiss his complaint without prejudice. ECF No. 27. A plaintiff may move for dismissal anytime under Federal Rule of Civil Procedure 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper[.]" Fed. R. Civ. P. 41(a)(2); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion[.]" *Stevedoring Servs.*, 889 F.2d at 921 (citation omitted). Voluntary dismissal is proper so long as it does not cause the defendant "plain legal prejudice." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

"Legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). To assess potential legal prejudice, courts examine, for example, whether a dismissal without prejudice would diminish access to a federal forum, to a jury trial, or bar a statute-of-limitations defense. *See In re Int'l Airport Inn P'ship*, 517 F.2d 510, 512 (9th Cir. 1975) (per curiam); *see also Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *Manshack v. S.W. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990); *Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987). The Ninth Circuit also has found legal prejudice when dismissing one party would render the remaining parties unable to sufficiently discover, untangle and defend complex fraud claims. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994), *as amended* (July 25, 1994).

1 | Legal prejudice is not, however, mere "[u]ncertainty because a dispute remains
2 | unresolved" or incurring "substantial expense in litigating the present lawsuit." *Westlands*, 100
3 | F.3d at 97 (citation omitted); *Hamilton*, 679 F.2d at 146.  Nor does legal prejudice result when a
4 | plaintiff "could have sought dismissal sooner than they did[.]" *Westlands*, 100 F.3d at 97.

5 | Here, defendants have not shown legal prejudice.  They are justifiably frustrated
6 | by the prospect of dismissal without prejudice, at this late stage, but nothing defendants say
7 | amounts to "legal prejudice." *See* ECF No. 28.  Defendants protest plaintiff's decision to wait
8 | until now to seek voluntary dismissal, after a year of inaction and defendants' filing of a
9 | dispositive motion. *See* ECF No. 26-1 at 2-3.  Defendants also cite authority in which similar
10 | delays and resource expenditure amounted to "prejudice" more generally, but not one case
11 | pertains to "legal prejudice" under Rule 41(a)(2). *See, e.g.*, *Al–Torki v. Kaempen*, 78 F.3d 1381,
12 | 1385 (9th Cir. 1996) (defendant's expenditure of resources to prepare for litigation that plaintiff
13 | neglected constituted prejudice).  General prejudice is not enough to deny plaintiff's motion here.
14 | *Westlands*, 100 F.3d at 97.  Dismissal would not hamper defendants' legal rights, claims or
15 | defenses.

16 | A voluntary Rule 41(a)(2) dismissal will cause defendants no legal prejudice, and
17 | so the court will grant plaintiff's motion.  But it does so on one condition.  Given the time and
18 | expense plaintiff's delays have caused defendants, plaintiff is ordered to pay defendants'
19 | reasonable costs and attorney fees associated with briefing and filing their pending motion, as
20 | well as their opposition to plaintiff's motion to consolidate discussed below. *See* Fed. R. Civ. P.
21 | 41(a)(2) ("an action may be dismissed at the plaintiff's request only by court order, on terms that
22 | the court considers proper"); *Hamilton*, 679 F.2d at 146  ("The rule allows the court to attach
23 | conditions to the dismissal, as did the court in this case, to prevent prejudice to the defendant.");
24 | *cf. Stevedoring Servs.*, 889 F.2d at 921-22 (noting the court may, but is not required, to "impose
25 | costs and attorney fees as a condition to voluntary dismissal without prejudice.").  Defendants
26 | shall file a declaration specifying its reasonable fees and costs within fourteen days; plaintiff's
27 | response, if any, is due seven days thereafter.  Each filing is limited to five pages.
28 | /////

III. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants' motion is denied as moot.

IV. EX PARTE APPLICATION

The court further denies as moot plaintiff's pending *ex parte* request, which pertains to defendants' judgment on the pleadings.

V. CONCLUSION

The court GRANTS plaintiff's motion to voluntarily dismiss. Plaintiff shall pay defendants' reasonable costs and fees associated with defendants pending motion and responding to plaintiff's motion to consolidate. Defendants shall submit a declaration specifying these fees and costs within fourteen days. Plaintiff may respond within seven days thereafter. Thereafter the matter will be submitted.

Defendants' unopposed dispositive motion, ECF No. 26, is DENIED as moot.

The court DENIES plaintiff's *ex parte* consolidation request.

IT IS SO ORDERED.

This resolves ECF Nos. 26, 27, 31.

DATED: October 19, 2017.

_____
UNITED STATES DISTRICT JUDGE